and call the case of Garrison v. Porch. The case of Garrison v. Porch. Good afternoon. My name is Donald Jacobs. I'm with the law firm of Bud Larner. I'll start over. Donald Jacobs from Bud Larner on behalf of Michael Garrison. I want to introduce at council table Michael Gibson from the Damata law firm. And I have reserved three minutes of rebuttal. In this case, the district court entered summary judgment against Mr. Garrison on his Section 1983 claim for excessive force, doing so on the basis of Heck v. Humphrey. And in a nutshell, the court's reasoning was that the facts of this case are different from the facts of Nelson v. Jaschurek, which is a Third Circuit case, because in Nelson, the plaintiff had been convicted only of resisting arrest, whereas in this case, the plaintiff, Mr. Garrison, had pled guilty to simple assault. The judge reasoned that by pleading guilty to simple assault, Mr. Garrison necessarily suggested that the force that he used was not in self-defense of the force that Officer Porch used, and that therefore, if Mr. Garrison were to prevail on his Section 1983 claim, that would necessarily imply the invalidation of his conviction, because it would necessarily mean that the force that Officer Porch used was reasonable. Okay. Why was he wrong? It was wrong because he got the sequence of events. He didn't give enough attention to the sequence of events. His reasoning would make sense if Officer Porch had been the first person to use force and Mr. Garrison had responded with force of his own. And then if Mr. Garrison had pled guilty in that circumstance, he would have, in a sense, been saying that the force that Officer Porch used was reasonable, because otherwise he could have defended himself by saying that he responded with force that was necessitated by the unreasonable force used by Officer Porch. But what happened here was quite different. Mr. Garrison was the one who made, who committed the assault to which Officer Porch responded. All that Mr. Garrison did was raise his fist, clenched in a threatening manner. This is his version of events, or is this what he's speaking to by both? Well, these are undisputed facts, and of course, even if it were just his version, they would have to be credited on a motion for summary judgment on an appeal. But it's more than that. These are undisputed facts. These are the facts that Judge Hillman found and relied upon. But what Judge Hillman didn't take into consideration was that the person who uses the force in response to the initial force is the only one whose reasonableness of that person's responding force has to be measured. When Mr. Garrison raised his fists, that constitutes a simple assault under the New Jersey statute. And if you look at his plea, if you look at Officer Porch's incident report, that's all that is said to have occurred. He doesn't even say, and I don't think it would matter, but he doesn't even say that Mr. Garrison made contact with him. All it did was put him in reasonable fear of injury. I have lost you. I think this is really a very simple case. Heck, the question for us is whether a judgment in favor of Garrison on the excessive force claim, which is all that's before us, necessarily implies the invalidity of his conviction for assault, right? Yeah, that's definitely right under Heck v. Humphrey, and it doesn't. If the district court determines that Garrison's action, even if successful, will not demonstrate the invalidity of a criminal judgment, the action should go forward. Now, Garrison concedes the lawfulness of his arrest by pleading guilty to the assault. Yes. That conviction, that is final. Yes. And it could not be that the excessive force preceded that final conviction. That's right. So if he's not seeking at all to invalidate his conviction for assault, why doesn't Heck, just by itself, without all the self-defense baloney, excuse me, I don't mean, why isn't that just enough to keep his action in court? It is. It is enough. Mr. Garrison. If it's possible, that's all Heck says. It doesn't necessarily implicate the invalidation of his conviction for simple assault. If it's possible, the conviction, if such a narrow, narrow opening that would bar, that would Heck bar a claim. Yeah, well, you know, if you read the McCann case, which is the Seventh Circuit case, they, that was a case that arose from the entry of judgment against the plaintiff on the pleading. You don't have to go to the Seventh Circuit. What about the Third Circuit? The Third Circuit. Has anybody read, I know it's not cited, the Laura Fianna case out of the circuit from last year, where we said, we held, we reversed the district court's finding that plaintiff's excessive force claim was inextricably intertwined with his assault conviction. We found the claim was not Heck barred because it's possible that the officer may use force that is excessive in effectuating a lawful arrest. That's this case, isn't it? That is. Which case was that, Your Honor? Laura Fianna versus FBI. Okay. 529 F3rd 503 Third Circuit. I mean, that's your case. Yeah, that's our case. And, you know, Nelson V. Jeschurek is our case, too. Because in Nelson V. Yeah, Nelson. Yeah. Nelson is a case where the plaintiff alleging violations of Section 1983 was convicted of resisting arrest. The assault was complete. Yeah. That's another way to look at it. Before his neck was broken. Yes. I mean, I think that's the facts. That seems to be what the district court did not ask. Yeah. Yeah. Yeah. And that's what I'm trying to say. And maybe I didn't do it as articulately enough as I could have. But, I mean, his neck was broken. The assault was complete before Officer Porch responded with the force that broke his neck. And that's basically it. So he's not trying to invalidate his conviction for assault. But, you know, if you accept the judge's reasoning that the mere fact that he is convicted of assault automatically implies the invalidity of the conviction, that would mean, then, that whenever a person is arrested and resists arrest or commits some sort of an assault, that the police officer is free to use whatever force that he chooses to use, regardless of whether it's excessive or not. And there could never be a Section 1983 claim that could succeed in those circumstances. The police have a blank check, then. Yeah. It would. It would. And so, the other thing that, I mean, I think, Judge Barry, that you've encapsulated my argument much better than I could have said it. And that is the argument. And the judge relied on a panel decision in a case called Jennings v. Fetterman. Judge Rendell, I know, was on the panel. But I don't think that that decision is in any way inconsistent with what we're arguing here. In that case, there were... Oh, it was homicide. It was an attempted homicide. I mean, force. There were exchanges of gunfire. Yeah. Right. And the guy was actually convicted of attempted homicide. Very different. Thank you. Whereas Judge Barry was on a panel in a case called Green, footnote 5. I think the facts of that case, which is also a non-presidential opinion, are very similar to ours in the sense that... Well, we're not allowed to... No, I'm just... Non-presidential opinion. But what I'm talking about is different types of fact patterns. I'm not saying that one is precedent. So I think, then, that I really don't have that much more to say. I think that's about it. Thank you very much. And you reserve time for rebuttal. Yes. Thank you. Thank you. May it please the Court. My name is Joseph Scott. I represent Police Officer William Porch. If I can begin, Your Honors, by addressing the Laura Pena case first, because I can see that that created some difficulty for the Court. Not for the Court. Perhaps for you. Well, and me, at least. Your Honor, there, the issue of whether self-defense, or the issue of self-defense, was not put before the jury. And so the jury never considered whether this person was acting in defense. And I think the plaintiff... What does that matter here? Well, because, Your Honor, I think if you believe the plaintiff's statement of the facts, that it starts with the clitched fence, we've missed two things. We've missed the plea agreement, and we've missed the testimony of his deposition. After he clenched his fist, he pled to assault. I'm sorry, Your Honor? After he clenched his fist, he pled to assault. So even assuming that initially it was self-defense, when he raised his, undisputedly, raised his fist, he subsequently pled guilty to assault. That's correct, Your Honor. Where is the self-defense? Because, Your Honor, Officer Porch had a right and a duty to counter that act. He didn't have to stand there and take it. The case law says he is allowed to match that force with equal and objectively reasonable. He grabbed his hands and he swung them around. Correct. And then what did he do? Well, Your Honor... Under the plaintiff's version. Pardon? Under the plaintiff's version, what did he do? Your Honor, the plaintiff isn't clear on what the excessive force was. He just says, I have a broken neck. He went down? He went down to the ground, and I said to him in the deposition, what was excessive about that? And he said the fact that I was taken to the ground. But under the use of force continuum that's in the transcript, matching that force at that level of physical force is allowed. Breaking a neck when you raise your fist and then are restrained, breaking a neck is matching force? Your Honor, I think we're making a leap there that the injury is the force. The injury of the neck being broken is not the force. And I suppose the district court was supposed to find that as a matter of law? I mean, at a minimum, isn't that a factual issue, whether it was excessive or not? Well, if it's excessive or not, we're calling into question the objectively reasonableness of the officer's act in response to the force that came. Exactly. Correct. And at least the Fifth and Sixth Circuit, and this panel of this court in Jennings, said that that was acceptable, that that's exactly what we're doing is calling that into question. Yeah, you call into question. You don't say as a matter of law what he did thereafter is permissible and not excessive. I mean, that's really what the judge did. Reasonableness is a paradigm question of fact. Is it not? The answer is yes. Well, Your Honor, with the admissions that we have in this case, I don't think it is. I think he has implied, he gave up the right to allege self-defense. Wait, wait, wait. What's a self-defense? He says, I pushed him on the chest. And I think Porch's testimony is there wasn't much harm done. The testimony is then that Porch basically takes him down and crunches him around the neck area and his neck gets broken. Now, are you telling me that as a matter of law that that is a permissible force in response to raising fists? Your Honor, I can cite you to the use of force continuum that's in the record. Taking someone to the ground when they're in a stance like this going to hit you is acceptable. And crunching? Your Honor, I understand that Mr. Porch says someplace in his deposition that his neck got crunched. But he doesn't say what that force was. He doesn't know where Officer Porch was when it happened. But a jury could decide that whatever it was, it was more than was merely responsive. A jury could find that. A judge can't say as a matter of law that that was an equal force. And if it's possible, you're back into heck, which is really, I think, where the court should have stayed. It is possible. It does not necessarily imply the invalidity of the conviction. Respectfully, Your Honor, I disagree. Well, what's your best case that supports the proposition? I think Hudson supports it, and I think Cummings case supports it. The Cummings case and Hudson, in fact, were inextricably intertwined, as those cases have used the term. See, that's the problem, inextricably intertwined. If Garrison kept hitting Porch, and we have this constant back and forth, and they're going at each other, and it's just all one big jumble from a factual standpoint that they're going at each other for six minutes, we might agree with you. But from the way Garrison's statements read, he had stopped his assaulted behavior. Well, Your Honor, I mean, if we look at all of Garrison's testimony, he doesn't really know what he did that night. No, he was drunk. Yeah, but we look at heck. We look at heck. And essentially, he is not seeking to invalidate his conviction. He pled guilty. That was a stopping point in terms of, well, I've made my point clear. Your Honor, I just don't agree with the argument that when a person on the street comes at an officer with clenched fists in an attempt to strike him, that the officer has to take it. And the case law says he has a duty. He doesn't have to take it, but he has to respond with appropriate force, and isn't that a jury question? And the assault conviction won't be affected in any way by the answer to that. The jury will be told that he pled guilty to assault. They're entitled to be told that. We've said that in our cases. But then the question will be whether or not the force that porch used in response was excessive. That's a jury question, isn't it? But, Your Honor, I think allowing the 1983 cause of action to go forward is necessarily going to call into question the reasonableness of Officer Porch's response to the resistance. No, we're talking about the conviction, not the response. We're talking about he's not calling into question the validity of his conviction. That's why this case is not barred. And it does not imply the invalidity of his conviction, because it is possible that after his assault what Porch just did was excessive. It's not necessarily. It could be that it does, but not necessarily. Maybe there's a 10% chance. Let's say he hadn't broken his neck. Let's say that they say that Porch sat on him for five minutes and hit him around the head but didn't cause any injury. There still could be a jury finding that the force in relation to what he had done was excessive, such that the simple assault conviction is not impliedly invalidated by an excessive force ruling. And, Your Honor, I think the case law that the plaintiff relies upon from the 1st and 7th and 9th and 11th Circuits, specifically the 9th Circuit in Smithert, that was the case. But even in Smithert there was a break. The person was charged with aggravated assault with a truck. And then when the person got out of the truck is when the officers beat him. We don't have those facts here. And that's not what you mean by break. But there's no allegation that at the time that he went down on the ground and at the time that this happened, that Garrison was hitting or slapping or assaulting Porch. Was there? He had been subdued, had he not? Or arguably? If you accept only Mr. Garrison's testimony. Well, that's what you do do. I understand. That's what you do do for these purposes. No one alleges here that after his neck was broken that Garrison even moved, much less that he assaulted Porch. The assault had to have occurred before the excessive force. I mean, and Porch himself said that Garrison didn't continue hitting him on the chest. I'm pretty sure that's incorrect. I think that's right. Well, then this Court is, I think, making, I'm not aware of any case law that finds where there is an inextricably intertwined set of facts. You've got one case in the country that uses that phrase. We had one here and we just ignored it in Laura Piena. We didn't even deal with it. There's no Supreme Court case that deals with inextricably intertwined. And I think I would say that that does mean that as he's going down, he's still fighting. He's still fighting. That there's back and forth, back and forth. Correct. And that's not in the record. I guess I'm constrained to agree with that. But the problem with that is we are now saying that even where the facts are intertwined and there is no break and there's no excessive force after that, I think that's going to call into question what officers do in these cases. What you just said, I think if that were Garrison's testimony, that there is no break, they are intertwined and the force was not excessive by force, we would probably throw the case out. But it's not that clear. Well, Your Honors, I had a case before Judge Rodriguez in the District Court in Camden and I'm not by any sense suggesting that you adopt the holding there. But I think he had some logic that is applicable. And maybe this Court might find it helpful. He said that following the Mulvey Hill line of... Is this a recorded case? Smith v. Mitchell. Yes, it is, Your Honor. It's 394 F3D 689. He says, if a person arrested uses an amount of force less than or equal to the amount of force being used by the officer, he cannot be guilty of assault. Only where a person arrested uses an amount of force greater than the amount used by the officer can he be found guilty of assault. How does that bear? Here, Garrison pled to assault. He pled to a simple assault. And we are wondering whether that conviction will be invalid. How does that relate to the burden of proof on the government to find someone guilty of assault? Because it's calling into question the acts of Officer Porch in response thereto. He has a duty to act. As I've said before, he doesn't have to stand there and take it. And it's calling into question those follow-up acts to this stance. He doesn't have to stand and take it. And if we say that... And he didn't. And he did what's required, which is take him to the ground. The question is whether he did too much. That's the question. Nobody's saying he had to stand there and take. Well, respectfully, Your Honors, I think we are then... Then we might say, you know, and there's no testimony that he did anything other than meet it. But there's at least a question. There's at least a question. We're not saying he did. Well, Your Honor, there's a fact that I would agree that there's a fact, that we have a broken neck. I think what we don't have is any statement from the plaintiff as to what actually was excessive in this case. And that makes it different than other cases. One could say that the testimony of his months in the hospital, the first couple of weeks, and the quadriplegic, the fact he was rendered quadriplegic for a couple of weeks, that might be some evidence of excessive force. It may or may not. The jury might not be persuaded. And if all he ended up with is a bruise, it might have been different. And granted, he was drunk. He was conceitedly intoxicated at the time. And marijuana and ecstasy. Yeah, that's right. Of course, we received the case in the procedural posture of summary judgment, which is obviously the way we have to consider it. Understood. Is there any reason for me to address the other argument raised by the plaintiff, which is the error committed by the court on reference to the non-precedential case of Jennings? Because I think I clearly addressed that in the brief, and I'm comfortable relying on that. No, I don't think we need to. Thank you very much. Thank you. Counsel? I have nothing further to argue unless Your Honors have questions. All right. Thank you. Thank you very much. Thank you.  Thank you very much. We will take it under revised on reset support. Thank you. Thank you.